IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* : | |
| DAVID D. BENNETT : | |
| : | |
| v. : | CIVIL ACTION NO. JFM-95-1620 |
| : | |
| GENETICS & IVF INSTITUTE, INC. : | |

## O R D E R

On July 10, 1998, the Honorable J. Frederick Motz entered summary judgment in favor of defendant and against David D. Bennett, relator, in the above-captioned *qui tam* proceeding. (*See* Paper No. 70).

On July 30, 1998, defendant filed a timely, unopposed Bill of Costs (Paper No. 77), pursuant to Fed. R. Civ. 54(d) and 28 U.S.C. § 1920, seeking the award of service fees; deposition expenses; copywork; and travel costs. Although taxation was deferred pending appeal (*see* Paper No. 77), the matter now is ready for review.[1] For reasons apparent herein, no hearing is needed to resolve the pending taxation request.

### I. *Fees of the Clerk and Service Expenses*

Defendant seeks $50.00 for filing fees, as well as $658.50 for expenses incurred in serving a deposition subpoena on Bryan King, a key witness residing in California. The requests are not opposed and shall be granted in their entirety.

### II. *Fees for Deposition Transcripts*

The costs of depositions under Fed. R. Civ. P. 54(d) may be taxed where they are necessary for the case. *See generally* ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437

---

[1] The granting of summary judgment in favor of defendant was upheld on appeal. *See* Paper No. 81.

(1987). To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." See ***Advance Business Systems & Supply Co. v. SCM Corporation,*** 287 F. Supp. 143, 165 (Md. 1968), *aff'd* as modified, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also* ***Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n,*** 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988).

While the **Court** may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority is more limited. In this district, the Clerk has traditionally allowed the costs associated with deposing the parties in the case and has allowed the costs of depositions that were actually used in connection with the event that terminated the litigation. As it appears that the depositions for which defendant seeks compensation were of the parties and/or that excerpts of the transcripts were used in connection with defendant's successful summary judgment motions or were requested by the relator, the deposition transcription costs for each witness shall be allowed in full, in the amount of $5,747.00.

The Clerk lacks the authority to tax the transcript costs for a January 27, 1998 hearing concerning protective order and discovery disputes (a cost of $66.00). Counsel may, of course, seek an order requiring reimbursement from the Court.

### III.   *Witness Fees*

It appears that the Court ordered that reimbursement be made for expenses incurred while

obtaining the deposition of witness Bryan King. Accordingly those expenses, totaling $739.56, will be taxed in full.

*IV.   Copying Costs*

The taxation of costs for printing and copying papers and pleadings used in a case is authorized by 28 U.S.C. § 1920. The reimbursement for copywork costs for pleadings filed in this Court and provided to opposing counsel is permitted. Thus, defendant may recover $45.60 for copying costs associated with transcripts used as attachments to defendant's pleadings.

Defendant also seeks $919.90 for copywork and labeling of documents produced during the discovery process. Historically, such copywork has been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. ***Advance Business Systems & Supply Co. v. SCM Corporation***, 287 F. Supp. at 165. However, holdings of this Court have caused the Clerk to reconsider this position. In the case of ***Stratton v. Equitable Bank***, Civil Action No. HAR-88-1485, Senior District Judge John Hargrove found that "[P]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *c.f.* ***Sun Publishing Company, Inc. v. Mecklenburg News, Inc.***, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). *See also* ***Purity Products, Inc. v. Tropicana Products, Inc.***, Civil Action No. H-86-2319.

The Clerk has reviewed the aforementioned copy request and shall disallow the item. The discovery material does not meet the ***Stratton*** or ***Purity*** criteria for awarding photocopying costs as the copy work was not furnished to opposing counsel pursuant to Local Rule 105.1. Moreover, the request does not identify the documents copied with any particularity. *See* ***Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble***, 924 F.2d 633, 643 (7th Cir.

1990).

The remaining copywork costs are associated with obtaining copies of condensed transcripts. The item will be allowed, but reduced by one-half, to reflect an award of one copy (not two) of each transcription. The total award for this item of costs is $138.30.

## V.   Other Costs

Although the Court may award the $697.17 sought for attorney travel expenses, the Clerk, having more limited discretion, declines to do so.

## VI.   Total Award

In accordance with the foregoing opinion, costs are hereby awarded in favor of defendant and against relator David D. Bennett[2] in the amount of $7,378.96. The Clerk of Court shall docket and mail copies of this Order to counsel in this case.

Dated this 27th day of February, 2000.

Felicia Cannon
Clerk of Court

---

[2] Relator Bennett brought his *qui tam* action pursuant to the False Claims Act ["FCA"], 31 U.S.C.A. Section 3729 *et seq.* The United States declined to intervene in the action and accordingly cannot be subjected to an award of costs. *See* **United States of America ex rel Berge v. The Regents of the University of Alabama at Birmingham**, 2000 WL 123949 *3 (4th Cir. February 2, 2000). Because the United States has not "brought" this action, it has not waived its sovereign immunity. Thus, costs must be assessed entirely against relator Bennett.